

FILED
CLERK, U.S. DISTRICT COURT

MAY - 1 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>     v.<br><br>GREGORY THOMPSON, et al.,<br><br>            Defendants. | No.  CR 13-819 PA<br><br>COURT'S FINDINGS THAT<br>DEFENDANTS' IMMUNITY CLAIMS<br>ARE FRIVOLOUS |

Having reviewed and considered the Motion of Gerard Smith, Mickey Manzo, and James Sexton to Dismiss Charges on Qualified Immunity and Fair Notice (Docket Nos. 107, 221); defendant Gregory Thompson's Motion of Joinder in Co-Defendants' Smith, Manzo and Sexton's Motion to Dismiss Charges on Qualified Immunity and Fair Notice (Docket No. 117); defendant Maricela Long's Motion of Joinder (Docket No. 122); defendants Leavins, Craig and Long's Joinder in Defendants Gerard Smith, Mickey Manzo, and James Sexton to Dismiss Indictment (Docket No. 144); the government's Consolidated Opposition to Motions to Dismiss Based on Tenth Amendment, Qualified Immunity and Fair Notice (Docket No. 192); the Reply of Smith, Manzo and Sexton to Government's Opposition to Motion to Dismiss Charges on Qualified Immunity and Fair Notice (Docket No. 250); the Reply of defendant Craig to Government's Consolidated Opposition to Motion to Dismiss Charges on Qualified Immunity and Fair Notice (Docket No. 246); and the government's

1  Supplemental Submission and Request for Findings Re Denial of Motions to Dismiss Based
2  on Tenth Amendment, Qualified Immunity and Fair Notice and defendant Craig's
3  Emergency Motion in the Ninth Circuit for an Order Staying the Trial, and having conducted
4  a hearing on defendants' motions, the Court makes the following findings:

5      1.      On November 20, 2013, a federal grand jury returned a six count indictment
6  against defendant Scott Craig and six other deputies with the Los Angeles County Sheriff's
7  Department ("LASD").  Counts One and Two of the Indictment allege that defendant Craig
8  and his codefendants conspired to obstruct a federal grand jury investigation into civil rights
9  abuses and public corruption at the LASD, in violation of 18 U.S.C. §§ 371 and 1503(a).

10     2.      On March 4, 2014, codefendants Mickey Manzo, Gerard Smith, and James
11  Sexton filed a motion to dismiss the indictment based on qualified immunity and fair notice.
12  Defendants Stephen Leavins, Craig, and Maricela Long filed a joinder in that motion which
13  included an additional immunity claim that dismissal was also required under the Tenth
14  Amendment.  Defendants argued that the charges against them should have been dismissed
15  because they, as local law enforcement officers, were immune from federal prosecution.

16     3.      On April 14, 2014, this Court denied the motion.  Defendants Craig, Leavins,
17  and Long filed Notices of Appeal of the Court's April 14, 2014 order.  On April 25, 2014,
18  this Court issued an order supplementing its reasons for denying defendants' motion to
19  dismiss and stating that "absent an order from the Ninth Circuit to the contrary, the pretrial
20  and trial dates set by this Court remain in effect."

21     4.      Implicit in the Court's April 25, 2014 order was a conclusion that the Motion
22  to Dismiss Charges on Qualified Immunity and Fair Notice and the appeals of the order
23  denying that Motion were frivolous.  The Court issued its April 25, 2014 order because,
24  "[i]n a criminal case, litigation is not ended and therefore not subject to 'appellate review
25  until conviction and imposition of sentence.'"  United States v. Pace, 201 F.3d 1116, 1118
26  (9th Cir. 2000) (quoting Flanagan v. United States, 465 U.S. 259, 263 (1984)).  Additionally,
27  the Court had concluded that the order denying the motion was not immediately appealable
28

-2-

1    because it did not fall within any of the "only three types of pretrial orders in criminal

2    prosecutions to meet the requirements" of the collateral order doctrine.  Flanagan, 465 U.S.

3    at 265-66.  According to the Supreme Court, the three types of pretrial orders in criminal

4    prosecutions that meet the requirements of the collateral order doctrine are "[a]n order

5    denying a motion to reduce bail before trial" and orders "denying motions to dismiss an

6    indictment on double jeopardy or Speech and Debate Grounds."  Id. at 266.  "Refusals to

7    dismiss an indictment for violation of the Double Jeopardy Clause or of the Speech and

8    Debate Clause, like denials of bail reduction, are truly final and collateral, and the asserted

9    rights in all three cases would be irretrievably lost if review were postponed until trial is

10   completed."  Id.; see also United States v. Samueli, 582 F.3d 988, 992 (9th Cir. 2009)

11   (stating that in criminal cases "an interlocutory order is appealable only where it affects a

12   "right not to be tried.'") (quoting United States v. Austin, 416 F.3d 1016, 1022 (9th Cir.

13   2005)).

14        5.      On April 30, 2014, defendant Craig filed an emergency motion in the Ninth

15   Circuit Court of Appeals for an order notifying this Court that it has been divested of

16   jurisdiction to proceed with the trial pending appeal.

17        6.      Defendants argue that they are entitled to immunity coextensive with the

18   qualified immunity that would be available to them in an action under 42 U.S.C. § 1983.

19   This argument has no support in the law of this Circuit and is contrary to settled Supreme

20   Court authority.  The Supreme Court "has never suggested that the policy considerations

21   which compel civil immunity for certain government officers also place them beyond the

22   reach of the criminal law."  Imbler v. Pachtman, 424 U.S. 409, 429 (1976).  "On the

23   contrary, the judicially fashioned doctrine of official immunity does not reach 'so far as to

24   immunize criminal conduct proscribed by an Act of Congress.'"  O'Shea v. Littleton, 414

25   U.S. 488, 503 (1974) (quoting Gravel v. United States, 408 U.S. 627 (1972); see also,

26   Dennis v. Sparks, 449 U.S. 24, 28 n.5 (1980) (state judge can be found criminally liable

27   although that judge may be immune from damages under § 1983).

28

1    7.    Moreover, "a district court can only grant a dismissal in the criminal context if
2 the issue is 'entirely segregable' from the evidence to be presented at trial." United States v.
3 Lewis, 368 F.3d 1102, 1106 (9th Cir. 2004) (quoting United States v. Shortt Accountancy
4 Corp., 785 F.2d 1448, 1452 (9th Cir. 1986). As this Court has previously found, defendants'
5 pretrial claim is plainly not "entirely segregable" but is intertwined with disputed evidence
6 concerning charged offenses. Therefore, "the motion falls within the province of the
7 ultimate trier of fact and must be deferred." Shortt Accountancy Corp., 785 F.2d at 1452.
8 Accordingly, defendants' claim that they are entitled to a pretrial resolution of their qualified
9 immunity claim is frivolous.

10    8.    To the extent that defendants seek an evidentiary hearing on their motion to
11 dismiss, that claim is also frivolous. At the hearing on the motion to dismiss, the Court
12 inquired of defense counsel if any of them requested an evidentiary hearing on the motion to
13 dismiss, and no counsel requested a hearing or indicated that a hearing was necessary.

14    9.    Alternatively, defendants' claim that they are entitled to immunity under the
15 Tenth Amendment is also frivolous. Defendants have cited no case law in support of their
16 contention, and it is contrary to Supreme Court authority. Defendants point to the power of
17 the trial court to issue a writ of habeas corpus to restrain prosecutions of federal agents
18 charged with violations state criminal law. Under the Supremacy Clause, federal immunity
19 will shield a federal agent from criminal charges under state law if the agent's acts are "(1)
20 authorized by the laws of the United States and (2) necessary and proper to the execution of
21 his responsibilities." Defendants argue that, under the Tenth Amendment, defendants, as
22 state officers, should similarly be shielded from federal prosecution if their actions were
23 authorized by the State of California and necessary and proper to the execution of their
24 responsibilities. However, defendants' Tenth Amendment immunity argument is foreclosed
25 by United States v. Gillock, 445 U.S. 360 (1980). There, a state senator charged with
26 bribery claimed based on the Tenth Amendment that, similar to the privilege granted
27 members of Congress under the Speech and Debate Clause, evidence of his legislative
28 activities could not be used at his federal criminal trial because to do so would interfere with

-4-

an essential state function.  The Supreme Court concluded that Congress had not chosen to create a parallel privilege for state legislators, and that "in those areas where the Constitution grants the Federal Government the power to act, the Supremacy Clause dictates that federal enactments will prevail over competing state exercises of power."  Id. at 370, 374.  Because Congress was empowered to make state legislators, like all other individuals, subject to federal criminal statutes, there was no Tenth Amendment violation.  Id. at 370-71, 374.  "This conclusion applies regardless of whether the federal legislation displaces laws enacted under the States' 'police powers'"  Hodel v. Va. Surface Mining & Reclamation Assen, 452 U.S. 2674, 291 (1981) ("The Court long ago rejected the suggestion that Congress invades areas reserved to the States by the Tenth Amendment simply because it exercises its authority . . . in a manner that displaces the States' exercise of their police powers.").  Defendants' claim that the Tenth Amendment displaces Congress' judgment is therefore frivolous.

10.    Furthermore, defendants are not entitled to a pretrial determination of their claim that, as applied to the facts of this case, their prosecutions are unconstitutional under the Tenth Amendment.  See Carson v. United States, 310 F.2d 558, 561 (9th Cir. 1962) (refusing to consider as-applied Tenth Amendment challenge prior to trial).

11.    Finally, defendants' fair warning claim is not subject to interlocutory review because the fair warning requirement does not insulate a criminal defendant from standing trial.  Lewis, 368 F.3d at 1105.

DATED:  May 1, 2014

Percy Anderson
UNITED STATES DISTRICT JUDGE